UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN P. CASTALES, JR. (#3823)

VERSUS                                              CIVIL ACTION

DAVID JAMES                                         NUMBER 13-259-BAJ-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, May 6, 2013.

                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN P. CASTALES, JR. (#3823)

VERSUS                                                CIVIL ACTION

DAVID JAMES                                           NUMBER 13-259-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, while confined at the East Louisiana Mental Health System Forensic Unit, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against David James.  Plaintiff alleged that James made a sexual gesture which the plaintiff found offensive, and this violated the plaintiff's constitutional rights.

For the reasons which follow, the plaintiff's complaint should be dismissed as frivolous.

**I. Background**

Plaintiff alleged that on July 12, 2012, while he was cleaning windows he observed the defendant sleeping.  Plaintiff alleged that he knocked on the window and woke the defendant.  Plaintiff alleged that the defendant placed his hand in front of his penis and made a stroking gesture for four to five seconds.  Plaintiff alleged that he told the defendant that it was his penis and he could do with it as he liked.  Plaintiff alleged that he reported the incident.  Plaintiff alleged that he was offended by the

defendant's behavior but conceded that the defendant did not assault him.

## II. Applicable Law and Analysis

### A. Frivolous Standard

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:
(c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes.  *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  Dismissal § 1915(d) may be made at any time before or after service of process and before or after an answer is filed.

*Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Allegations of threatening gestures alone do not present claims under § 1983.  "Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation."  *McFadden v. Lucas*, 713 F.2d 143 (5th Cir.), *cert. denied*, 464 U.S. 998, 104 S.Ct. 499 (1983); *Burnette v. Phelps*, 621 F.Supp. 1157 (M.D. La. 1985); *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973).  The allegations against the defendant regarding making an offensive gesture is therefore insufficient to raise a constitutional violation.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, May 6, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE